UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NANCY GLUECK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

Case No. 1:15-CV-1030

HON. ROBERT HOLMES BELL

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Nancy Glueck seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was fifty-four years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.46, 129.) She completed high school, and was previously employed as a material handler and assembler. (PageID.105–106, 109.) Plaintiff filed for benefits on June 17, 2010, alleging that she had been disabled since November 11, 2008, due to bulging discs in her back; knee problems; elbow problems; pain while sitting, standing, lifting, walking, and bending over; trouble sleeping; headaches; arthritis; depression; shoulder pain; and restricted movement, pain, and numbness in her neck. (PageID.129.) Plaintiff's application was denied on October 13, 2010, after which time she requested a hearing before an ALJ. (PageID.163–167.) In a pre-hearing

brief, Plaintiff amended her alleged onset date to April 7, 2009. (PageID.378.) On April 9, 2012, ALJ James Prothro issued a written decision finding Plaintiff was not disabled. (PageID.138–156.) On October 9, 2013, however, the Appeals Council remanded the case for further factual findings. (PageID.157–160.) Consistent with the remand order, ALJ Prothro held an administrative hearing on February 11, 2014, at which both Plaintiff and a vocational expert (VE) testified. (PageID.103–126.) On March 21, 2015, ALJ Prothro issued a second decision, again finding Plaintiff was not disabled. (PageID.46–66.) On August 17, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.34–38.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

Plaintiff's insured status expired on December 31, 2012. (PageID.129). Accordingly, to be eligible for DIB under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

In his second decision, ALJ Prothro determined that Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date. (PageID.51.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative disc disease of the cervical and lumbar spine, status-post cervical fusion in August 2012; (2) status-post bilateral elbow surgeries; (3) status-post bilateral foot surgeries for heel spurs and gastrocnemius muscle recession, right in September 2012 and left in November 2013; (4) obesity; and (5) anxiety. (PageID.51.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.52–53.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) except standing and/or walking up to two hours, and sitting up to six hours,

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

>each per eight-hour workday; no climbing of ladders, ropes, or scaffolds, and no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, or crawling; doing only unskilled work involving simple, repetitive tasks.

(PageID.53.)  Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of her past relevant work.  (PageID.57.)  At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given her limitations.  *See Richardson*, 735 F.2d at 964.  The VE testified that Plaintiff could perform the following work: office helper (2,300 Michigan jobs and 26,000 national jobs), information clerk (2,000 Michigan jobs and 23,000 national jobs), and inspector (1,800 Michigan jobs and 15,000 national jobs).  (PageID.121.)  Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy.  (PageID.58.)

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from April 7, 2009, through December 31, 2012, the date last insured.  (PageID.58.)

## DISCUSSION

### 1.  Substantial Evidence Supports the ALJ's Credibility Determination.

At the administrative hearing, Plaintiff testified that she was impaired to an extent far greater than that found by the ALJ.  For example, she stated she had difficulty in lifting, reaching, pulling, and pushing with her right upper extremity.  (PageID.114–115.)  She could only lift up to ten pounds, and could not do so repetitively.  (PageID.116–117.)  She could only stand for fifteen minutes and sit for thirty to forty-five minutes at any one time.  The furthest she could walk without resting was a block.  (PageID.115–116.)  She further testified that she would need to lie down a couple of times a day for an hour or two, but that one or two times a week she experienced

bad days during which she would have to lie down more than usual. (PageID.117.) The ALJ found Plaintiff's statements to be "not entirely credible." (PageID.54.) Plaintiff claims the ALJ erred in doing so.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984); *see also Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002). As the relevant Social Security regulations make clear, however, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, a claimant's assertions of disabling pain and limitation are evaluated under the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

The ALJ found Plaintiff's complaints were not supported by the record. For example, the ALJ noted a December 5, 2012, treatment note from Dr. Sean Growney. There, the doctor noted Plaintiff had undergone injections in order to treat her back pain, and had experienced significant long-term relief. (PageID.618.) In March 2013, after her date last insured, Plaintiff complained she wasn't getting the full three-months of pain relief, and underwent another injection. (PageID.620.) In June, she reported twenty percent relief after physical therapy. (PageID.624.) In July she reported being "quite happy" after further injections. She was taking only ibuprofen as needed for pain. (PageID.623.) In November, Dr. Reginald Kapteyn described her as doing "reasonably well." (PageID.672.)

Plaintiff also underwent surgery on her cervical spine on August 28, 2012. (PageID.679.) At a four-week checkup, Plaintiff stated she was better than before her surgery.

7

Though she felt occasional discomfort at night, she believed she was making good progress. (PageID.677.) In December 2012, Dr. Growney described her as doing "very well" with her neck and arm pain. (PageID.618.) In sum, substantial evidence supports the ALJ's determination. The ALJ reasonably found these records to be inconsistent with the severity of Plaintiff's complaints.

Plaintiff's initial brief does not disagree with the ALJ's reasoning.[2] Instead, she argues that notwithstanding the ALJ's decision, her testimony is supported by her prior function report, statements from both Dr. Growney and Dr. Benjamin Bruinsma (a consultative examiner), and her work history. (PageID.714–717.) The Court does not doubt that these records may support her allegations. But the problem for Plaintiff is this: Plaintiff's burden on appeal is much higher than citing evidence on which the ALJ could have found a greater level of restriction. She must show that the ALJ's finding is not supported by substantial evidence. *See Jones*, 336 F.3d at 477 ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.") As all Plaintiff has done is point to records that might support her position, Plaintiff fails to demonstrate the ALJ acted outside the "zone of choice" that is accorded ALJs at this stage of review. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Moreover, the records cited by Plaintiff do not mandate a different outcome.

Plaintiff relies on a sworn statement given by Dr. Growney in which the doctor

---

[2] It is not until her reply brief that Plaintiff first argues that the ALJ never explained why her allegations were inconsistent with the record. (PageID.744.) The Court disagrees with Plaintiff's characterization. While the ALJ could have better identified his reasons for discounting Plaintiff's allegations, his reasons were nonetheless sufficiently articulated to permit meaningful review. *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) (stating that an ALJ's decision must say enough "to allow the appellate court to trace the path of his reasoning"). It is clear the ALJ found the extreme limitations offered by Plaintiff were inconsistent with the record through her date last insured that found Plaintiff consistently had positive responses to injections to treat her back pain and, after undergoing surgery, a statement that she was doing very well regarding her neck and arm pain.

answered in the affirmative when asked whether Plaintiff's complaints were consistent with the objective studies in the record. (PageID.592–593.) According to Plaintiff, this shows that Dr. Growney found that "Plaintiff was credible relative to her complaints of pain." (PageID.715.) But it is the ALJ who is responsible for making the factual finding regarding the claimant's credibility, not the treating physician. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009); *see also Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 274 (6th Cir. 2010); *Walters*, 127 F.3d at 531 ("[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."); *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) ("[C]redibility determinations with respect to subjective complaints of pain rest with the ALJ."). Accordingly the ALJ was not required to adopt the doctor's credibility finding.[3]

The ALJ also thoroughly discussed Dr. Bruinsma's opinion. (PageID.56–57.) As a consultative examiner, the ALJ was not "under any special obligation to defer to [his] opinion or to explain why he elected not to defer to it." *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 744 (6th Cir. 2011). Plaintiff argues, however, that the ALJ erred in noting that the examination was conducted at the request of Plaintiff's counsel.[4] (PageID.716.) As the Sixth Circuit noted in

---

[3] Plaintiff also points out that after the ALJ's decision, Dr. Growney issued an RFC opinion but that the Appeals Council did not remand for its consideration. (PageID.715.) This Court is precluded from considering the opinion. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also Bass v. McMahon*, 499 F.3d 506, 512–13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148). If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. Here, Plaintiff makes no effort of establishing any of the requisite factors for a sentence six remand, and accordingly such a request must fail.

[4] Plaintiff relatedly argues that by failing to order the examination himself, the ALJ failed to follow the Appeals Council's remand order. (PageID.716.) As an initial matter, it appears Plaintiff mischaracterizes the remand order as requiring the ALJ to obtain an opinion from a consultative examiner. It does not appear to do so. (PageID.159.) But

9

*Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir.1989), "[t]here is nothing fundamentally wrong with a lawyer sending a client to a doctor, especially when the capacity of that client to care for himself is questionable." *Id.* at 1122 n.8. Courts have recognized, however, that the results of a consultative examination should not be rejected solely because it was arranged and paid for by the plaintiff's attorney. *See Hinton v. Massanari*, 13 F. App'x 819, 824 (10th Cir. 2001) ( "An ALJ may certainly question a doctor's credibility when the opinion, as here, was solicited by counsel . . . . The ALJ may not automatically reject the opinion for that reason alone, however.").

Here the ALJ provided other reasons for rejecting Dr. Bruinsma's opinion. Chief among them is the fact that Dr. Bruinsma examined Plaintiff and rendered his opinion over a year after Plaintiff's date last insured. (PageID.56–57.) As the ALJ correctly noted, Dr. Bruinsma rendered his opinion on January 31, 2014. Plaintiff's date last insured was December 31, 2012. "[I]nsured status is a requirement for an award of disability insurance benefits." *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir.1984). "Evidence relating to a later time period is only minimally probative." *Jones v. Comm'r of Soc. Sec.*, No. 96–2173, 1997 WL 413641 at *1 (6th Cir. July 17, 1997) (citing *Siterlet*, 823 F.2d 918, 920 (6th Cir. 1987) (where doctor examined the claimant approximately eight months after the claimant's insured status expired, the doctor's report was only "minimally probative" of the claimant's condition for purposes of a DIB claim). True, Dr. Bruinsma did indicate that the limitations may have been present for the prior two years but, as the ALJ further noted, Dr. Bruinsma indicated this was a guess. (PageID.57.) Accordingly, the Court finds no error

---

in any event, whether an ALJ complies with an Appeals Council order of remand is an internal agency matter which arises prior to the issuance of the agency's final decision. Section 405(g) does not provide this Court with authority to review intermediate agency decisions that occur during the administrative review process. *See Brown v. Comm'r of Soc. Sec.*, No. 1:08–cv–183, 2009 WL 465708 at *6 (W.D. Mich. Feb. 24, 2009). *See also Bass v. Astrue*, No. 1:06–cv–591, 2008 WL 3413299 at *4 (M.D. N.C. Aug. 8, 2008) ("[t]he Court does not review internal, agency-level proceedings, and therefore will not address whether the ALJ complied with specific provisions of the Appeals Council's remand order"). Accordingly, Plaintiff's claim on this point is denied.

here.

Next, Plaintiff makes a perfunctory argument that the ALJ failed to acknowledge her work history. (PageID.716–717.) A credibility determination must be based on consideration of all of the evidence in the record. SSR. 96–7p, 1996 WL 374186, at *5 (S.S.A. July 2, 1996). This can include prior work record and efforts to work. *Id.* Since the ALJ based his credibility assessment on numerous factors, any omission by the ALJ to discuss Plaintiff's work record is harmless in light of the substantial evidence supporting his determination.

Finally, Plaintiff points out that the ALJ's hypothetical question failed to include all her subjective allegations, and argues that as such, the VE's response to the ALJ's hypothetical cannot constitute substantial evidence supporting the Commissioner's burden at step five. (PageID.717–718.) This is a mere reformulation of Plaintiff's attacks on the ALJ's factual findings regarding her credibility. It is well settled that a hypothetical question to a VE need not include unsubstantiated limitations. *See Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010); *Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 585 (6th Cir. 2010) ("[I]n formulating a hypothetical question, an ALJ is only required to incorporate those limitations which he has deemed credible."). As discussed above, the ALJ's conclusion that Plaintiff's testimony was not entirely credible was properly supported by the medical evidence in the record. Consequently, the ALJ's hypothetical question to the VE expert was appropriate, and no basis for Plaintiff's claim exists. *See Blancha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (holding a hypothetical question needs to only include limitations which the ALJ accepts as credible). Here, the ALJ's hypothetical question included all the limitations he found to be credible, and for that reason, this argument must be rejected.

Accordingly, for all the above reasons, Plaintiff's claim of error is denied.

**2.      Plaintiff's RFC is Supported by Substantial Evidence.**

Plaintiff next claims that the ALJ's determination that Plaintiff is able to perform a reduced range of light work is improper because no physician opined she could perform that work. (PageID.717.)  The Court disagrees.

An RFC finding is what a person is able to do despite her limitations. SSR 96–8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996) (noting an RFC is not the least a person can do, but rather the most a person can do).  In making an RFC determination, the ALJ must consider "only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.* The claimant "ha[s] the burden of producing evidence to establish her residual functional capacity." *Combs v. Comm'r of Soc. Sec.*, 21 F. App'x 289, 290 (6th Cir. 2001) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391–92 (6th Cir. 1999)); *see also Bowen v. Yukert*, 482 U.S. 137, 146 n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."). Only after Plaintiff has fulfilled her burden of providing sufficient evidence to show that she cannot perform her past work does the burden shift to the Commissioner to "show that a significant number of jobs" were still available to her. *Combs*, 21 F. App'x at 290; *see also Bowen*, 482 U.S. at 146 n.5 ("[T]he Secretary is required to bear this burden only if the sequential evaluation process proceeds to the fifth step. The claimant first must bear the burden at step . . . four that the impairment prevents him from performing his past work.").

Notably, in making an RFC finding, "[i]t is well established that the ALJ may not substitute his medical judgment for that of the claimant's physicians.*"* *Brown v. Comm'r of Soc.*

*Sec.*, No. 1:14-CV-236, 2015 WL 1431521, *7 (W.D. Mich. Mar. 27, 2015) (citing *Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006)); *see Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Charter*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."). However, the ALJ is not required to base his RFC findings entirely on a physician's opinion. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (quoting SSR 96–5p) ("[T]o require the ALJ to base her RFC finding on a physician's opinion, 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'"); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("[A]n ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding."). Accordingly "the ALJ may find that the claimant can perform light work even where no doctor corroborates that assessment." *Sparrow v. Comm'r of Soc. Sec.*, No. 15-CV-11397, 2016 WL 1658305, at *7 (E.D. Mich. Mar. 30, 2016) (internal citations omitted), *report and recommendation adopted*, No. 15-11397, 2016 WL 1640416 (E.D. Mich. Apr. 26, 2016). Ultimately, the ALJ may base his RFC finding on all relevant evidence on record, including, for example, an individual's medical history, reports of daily activity, and recorded observations. SSR 96–8p, 1996 WL 374184, at *5.

   The ALJ concluded that the RFC was "supported by the objective and clinical evidence." (PageID.57.) In doing so he provided a thorough and accurate discussion of Plaintiff's medical history, including those portions cited above. The Court accordingly finds the ALJ's RFC

determination to be supported by substantial evidence.

## CONCLUSION

For the reasons articulated herein, the Commissioner's decision will be **AFFIRMED.**

A separate judgment shall issue.


Dated: <u>September 14, 2016</u>                    <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE